No. 26288

Central Colorado Water Conservancy District v. Colorado River Water Conservation District, City of Colorado Springs, City and County of Denver, Acting by and through its Board of Water Commissioners, and Silt Water Conservancy District

(526 P.2d 302)

Decided September 16, 1974.

Miller, Ruyle, Steinmark and Shade, David J. Miller, for plaintiff-appellant.

Delaney and Balcomb, Scott Balcomb, for defendant-appellee Colorado River Water Conservation District.

F. T. Henry, Louis Johnson, for defendant-appellee City of Colorado Springs.

George L. Zoellner, Kenneth L. Broadhurst, J. J. Petrock, Michael L. Walker, Glenn G. Saunders, for defendant-appellee City and County of Denver, acting by and through its Board of Water Commissioners.

Frank Delaney, for defendant-appellee Silt Water Conservancy District.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

Appellant Central Colorado Water Conservancy District brings this appeal from a judgment of the District Court of Water Division No. 5 which ordered a prior conditional decree awarded to it be cancelled when the district refused to comply with C.R.S. 1963, 150-5-13(2)(d).

I.

Pursuant to the Water Rights Determination and Admini-

stration Act of 1969, appellant — a creature of statute — filed an application for a water right designated as the Blue-Williams Pump and Conduit. The United States of America, the City of Colorado Springs, the Colorado River Water Conservation District, and the Silt Water Conservancy District filed statements of opposition. Following trial, a conditional decree was granted, but on a subsequent motion the water court ordered appellant to comply with C.R.S. 1963, 150-5-13(2)(d), which provides:

"However, any works or facilities planned and designed for the exportation of water from the natural basin of the Colorado river and its tributaries in Colorado, by any district created under this article, shall be subject to the provisions of the Colorado river compact and the Boulder Canyon Project Act. Any such works or facilities shall be designed, constructed and operated in such manner that the present appropriations of water, and in addition thereto prospective uses of water for irrigation and other beneficial consumptive use purposes, including consumptive uses for domestic, mining and industrial purposes, within the natural basin of the Colorado river in the state of Colorado, from which water is exported, will not be impaired nor increased in cost at the expense of the water users within the natural basin. The facilities and other means for the accomplishment of said purpose shall be incorporated in, and made a part of any project plans for the exportation of water from said natural basin in Colorado."

Appellant refused on the ground that the subsection is unconstitutional. The water court cancelled the decree because of the absence of the plan required. This appeal followed.

## II.

The challenged subsection is admittedly a part of the broader statutory scheme which authorized the creation of the Central Colorado Water Conservancy District. To say that the legislature cannot impose conditions upon this creature of statute before it could divert water from a natural basin to the district flies in the face of well settled principles

of constitutional law. A governmental entity which comes into being through an enactment of a statute cannot attack the provisions of that same law. *In Re District 50 Metropolitan Recreation District v. Furbush,* 166 Colo. 63, 441 P.2d 645 (1968). The rights of appropriation contained in the constitution of Colorado are reserved to the people. An instrumentality of the state has only such rights as the statute gives it. *Board of County Commissioners v. City and County of Denver,* 150 Colo. 198, 372 P.2d 152 (1962). The rivers and streams and the right to appropriate the waters therefrom belong to the people. Appellant owes its authority to appropriate water to the statute which gave it existence and which imposed conditions upon it before it could obtain such sought-for appropriation. It was compelled to obey the mandate of the statute not only in how the district is formed, but also in how it, through its directors, continues to function.

The judgment is affirmed.